UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN F. GALLAGHER CO., INC.**<br>36360 Lakeland Blvd.<br>Eastlake, Ohio 44095<br><br>    **Plaintiff,**<br><br>    v.<br><br>**WAI CONSTRUCTION GROUP, LLC,**<br>c/o Steven A. Moore<br>Statutory Agent<br>1571 Shyville Road<br>Piketon, OH 45661<br><br>and<br><br>**FIDELITY AND DEPOSIT COMPANY of MARYLAND,**<br>1299 Zurich Way, 5th Floor<br>Schaumburg, IL 60196-1056<br><br>    **Defendants.** | **Case No:**_____<br><br>**Judge**<br>**Magistrate Judge**<br><br>**COMPLAINT FOR BREACH OF CONTRACT, UNJUST ENRICHMENT, AND MILLER ACT BOND CLAIM** |

Now comes John F. Gallagher Co., Inc. ("Gallagher"), for its Complaint against the above captioned Defendants, alleges and states the following:

**PARTIES, JURISDICTION, AND VENUE**

1. John F. Gallagher Co., Inc. is an Ohio corporation with its principal place of business located at 36360 Lakeland Blvd. Eastlake, Ohio 44095.

2. Defendant WAI Construction Group, LLC ("WAI") is an Ohio limited liability company with its principal place of business located at 1571 Shyville Road Piketon, OH 45661.

3. Defendant Fidelity and Deposit Company of Maryland ("F&D") is an Illinois corporation with its principal place of business at 1299 Zurich Way, 5th Floor Schaumburg, IL

1

60196-1056. Defendant F&D is authorized to issue surety bonds in the State of Ohio and is therefore subject to the personal jurisdiction of this Court.

4. Federal Question Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this action is being brought under the Miller Act, 40 U.S.C. § 3131, *et seq.*

5. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Northern District of Ohio as all claims arise in this District and the construction project from which the claims arise is located in this District.

## **FACTS**

7. Gallagher incorporates by reference all the allegations contained in this Complaint as if fully rewritten herein.

8. The United States of America and/or National Aeronautics and Space Administration ("NASA"), as Owner, and WAI, as Prime Contractor, entered into an agreement (the "Contract") for certain improvements to be made on the Public Project known as NASA FY22 HVAC Repairs Part 2 at 2100 Brookpark Road, Cleveland, Ohio (the "Project").

9. In connection with the Project, WAI procured from F&D Payment Bond No. 9400933 (the "Payment Bond"), a copy of which is attached hereto as, **Exhibit A**.

10. Pursuant to the express terms of the Payment Bond, WAI and F&D jointly and severally guaranteed payment of all labor, materials, and equipment furnished for use in the performance of the Project up to the stated penal sum.

11. Pursuant to the Contract, WAI was to act as the Prime Contractor for the Project. As the Prime Contractor for the Project, WAI sought subcontractors to perform work on the Project.

12. As a result, on or about October 1, 2022, WAI, as Prime Contractor, and Gallagher, as subcontractor, entered into an agreement (the "Subcontract") for Gallagher to furnish equipment, materials, and labor for the Project at a lump sum price of $269,125.00. The Subcontract is attached hereto as **Exhibit B.**

13. Gallagher completed its full scope of work pursuant to the terms of the Subcontract and in a workmanlike manner.

14. Despite Gallagher satisfying its obligations under the Subcontract, WAI refuses to pay Gallagher for its labor and materials in the sum of *at least* $22,485.00, despite repeated demands by Gallagher to do so.

15. On or about April 4, 2025, via certified mail, return receipt requested, Gallagher forwarded its claim under the Payment Bond to all required parties (the "Bond Notice"). A copy of Gallagher's Bond Notice is attached hereto as **Exhibit C.**

16. Despite demand for payment on F&D, F&D has failed and/or refused to forward the sum of $22,485.00 to Gallagher.

## COUNT I
### (Breach of Contract Against WAI)

17. Gallagher incorporates by reference all the allegations contained in this Complaint as if fully rewritten herein.

18. Gallagher and WAI entered into a Subcontract in connection with the Project.

19. Gallagher fully performed its obligations pursuant to the Subcontract.

20. As set forth above, WAI breached the Subcontract by, among other things, refusing to pay Gallagher for its labor and materials in the amount of $22,485.00.

21. As a direct and proximate result of the WAI's breach, Gallagher has been damaged in an amount of at least $22,485.00, plus pre- and post-judgment interest, costs, and attorneys' fees.

## COUNT II
### (Unjust Enrichment against WAI)

22. Gallagher incorporates by reference all the allegations contained in this Complaint as if fully rewritten herein.

23. Gallagher conferred benefits upon WAI by performing labor and providing materials on the Project under the Subcontract.

24. WAI benefited from the work and materials provided by Gallagher on the Project.

25. WAI is aware of the benefits conferred by Gallagher.

26. Notwithstanding, WAI has failed to pay Gallagher for its labor and materials in the amount of $22,485.00.

27. Under the circumstances, it would be unjust to allow WAI to retain the benefits conferred by Gallagher.

28. As a direct and proximate result, Gallagher has been damaged in an amount of at least $22,485.00, plus pre- and post-judgment interest, costs, and attorneys' fees.

## COUNT III
### (Miller Act Claim Against F&D)

29. Gallagher incorporates by reference all the allegations contained in this Complaint as if fully rewritten herein.

30. In connection with the Project, WAI, as principal, and F&D, as surety, executed a Payment Bond.

31. Gallagher has a direct contractual relationship with WAI and, therefore, in accordance with 40 U.S.C. § 3133, it was not required to serve notice upon WAI within 90 days of the date in which material was last supplied.

32. Gallagher performed and supplied the last of its labor, materials, and equipment on the Project on or about April 11, 2024.

33. Gallagher performed and supplied the last of its labor, materials, and equipment less than one year before the filing of this action.

34. Upon information and belief, the Project has been substantially completed by WAI.

35. There remains due and owing to Gallagher the sum of $22,485.00, plus pre- and post-judgment interest for its labor and materials provided for the Project.

36. Gallagher fulfilled all of the conditions precedent in order to recover against the Payment Bond executed by WAI, as principal, and F&D, as surety, in connection with the Project.

37. Pursuant to the terms of the Payment Bond attached hereto as **Exhibit C,** and in accordance with 40 U.S.C. § 3131, *et seq.*, F&D is liable to Gallagher for payment of all amounts due to Gallagher for work and materials provided for the Project in the sum of at least $22,485.00, plus pre- and-post judgment interest, costs, and attorneys' fees in having to bring forth this action.

**WHEREFORE**, Plaintiff, the John F. Gallagher Co., Inc. respectfully requests:

A. On Count One of the Complaint, for Judgment against WAI in an amount of at least $22,485.00.

B. On Count Two of the Complaint, for Judgment against WAI in an amount of at least $22,485.00.

C. On Count Three of the Complaint, for Judgment against Fidelity and Deposit Company of Maryland for at least $22,485.00.

D. For attorneys' fees and court costs, and pre- and post-judgment interest at the applicable contractual and statutory rates.

E. Such other relief, both legal and equitable, as this Court deems just and proper.

18563514

Respectfully submitted,

*/s/ Aaron S. Evenchik*
Aaron S. Evenchik (0073809)
aevenchik@hahnlaw.com
Benjamin J. Horvath (0100950)
bhorvath@hahnlaw.com
Hahn Loeser & Parks LLP
200 Public Square
Suite 2800
Cleveland, Ohio 44114
(216) 621-0150
(216) 241-2824

*Attorneys for Plaintiff, John F. Gallagher Co.*